Receipt #C04872

ORIGINAL

ECF

FILED
MAY - 8 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
**Bid Protest**

**210 EARLL, L.L.C.,**

**Plaintiff**

**vs.**

**THE UNITED STATES OF AMERICA, GENERAL SERVICES ADMINISTRATION,**

**Defendant.**

Case No. 06-360 C

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND REQUEST FOR EXPEDITED HEARING**

For its Complaint against Defendant, the United States, acting by and through the General Services Administration, Plaintiff 210 Earll, L.L.C., by its undersigned counsel, states the following:

**NATURE OF THE ACTION**

1. Plaintiff 210 Earll, L.L.C. (hereinafter, "Plaintiff" or "210 Earll") respectfully seeks a temporary restraining order, preliminary and permanent injunctive relief, and declaratory relief against Defendant, the United States, acting by and through the General Services Administration (hereinafter, "Defendant" or "GSA"), in the form of one or more orders: (a) declaring invalid GSA's award to non-party 4041 Central Plaza, L.L.C. (hereinafter, "4041 Central") of a lease for office and related rental space for the Internal Revenue Service in Phoenix, Arizona; (b) enjoining the GSA from signing and/or otherwise proceeding with

performance of the subject lease with 4041 Central; and (c) directing the GSA to award the subject lease to Plaintiff 210 Earll as the second-in-line bidder for the subject lease.

**PARTIES**

2. Plaintiff 210 Earll is a limited liability company, duly organized and existing under the laws of the State of Arizona.

3. 210 Earll owns and operates a commercial real property, located at 210 East Earll Drive, Phoenix, Arizona, where it currently is the incumbent lessor of office and related rental space to the United States Internal Revenue Service (the "IRS").

4. Defendant is the United States of America, acting by and through the GSA.

5. Plaintiff 210 Earll is an "interested party" in GSA Solicitation for Offers ("SFO") Number 3AZ0031, within the meaning of 28 U.S.C. § 1491(b)(1).

6. Non-party 4041 Central is, upon information and belief, a limited liability company organized and existing under the laws of the State of Arizona.

7. Non-party 4041 Central was announced by GSA to be the successful bidder under GSA SFO Number 3AZ0031.

**JURISDICTION**

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1491(b).

**FACTS ENTITLING PLAINTIFF 210 EARLL, L.L.C. TO INJUNCTIVE AND DECLARATORY RELIEF**

9. On or about October 2, 2005, the GSA issued Solicitation for Offers No. 3AZ0031, dated September 27, 2005 (hereinafter, the "SFO"), seeking bids from commercial landlords for approximately 108,641 rentable square feet of office and related space, in the Central Business District of Phoenix, Arizona, for the IRS.

10. 210 Earll is the incumbent lessor for the IRS' office space requirement which is the subject of the SFO.

11. The IRS has occupied the entire building at 210 East Earll Drive in Phoenix, Arizona since 1992, under GSA Lease No. GS-09B-88335, dated October 5, 1990. By its terms, the lease will expire in September 2007.

12. The premises leased from Plaintiff 210 Earll by the IRS at 210 East Earll Drive in Phoenix, Arizona have been substantially altered to meet the space and security requirements of the IRS, and, without deviation, comply fully with the IRS' space and security requirements as set forth in the SFO.

13. As detailed below, the bid submitted by 4041 Central did not conform to, and did not meet, the minimum requirements of GSA's SFO. Nevertheless, on or about January 30, 2006, GSA issued a notice of award of the subject lease to 4041 Central. The notice was in the form of a letter, and requested that 4041 Central sign a lease in accordance with its offer and the SFO, as amended.

14. Section 2.3 of the SFO provides:

> The lease will be awarded to the Offeror whose offer will be most advantageous to the Government, price and other award factors which follow considered. The other factors are as follows:
>
> 1. Quality of Space
> 2. Past Performance of Offeror and other Key Personnel (i.e., architect, engineer, lead designer, etc.) on Comparable Projects
> 3. Past Performance of Offeror in Managing and Operating Comparable Facilities

15. Contrary to the requirements of the SFO (including section 2.3, quoted above, and the technical requirements of the SFO), GSA based its award decision exclusively on price.

16. GSA did not perform any technical evaluation or ranking of the bids submitted by any of the offerors, and GSA did not perform any cost reasonableness or cost realism analysis of 4041 Central's bid.

17. GSA did not do any technical/cost trade-off of the offers, and made no attempt to compare the offerors on the basis of the award factors set forth in the SFO.

18. 4041 Central offered the government three (3) non-contiguous blocks of space in a twenty (20) story building, plus an adjacent building, that would require the government to move all of its furnishings and equipment and reconstruct the improvements already in place at 210 Earll at the government's expense.

19. 210 Earll offered the government all contiguous space on five (5) of the six (6) floors in its building, and agreed to provide the government with swing space in the building as needed and agreed to move the government's furnishings and equipment within the building as needed without any cost or expense to the government.

20. GSA advised 210 Earll at the statutory debriefing on February 1, 2006, that 210 Earll had submitted the second-lowest price offer of three offerors that submitted bids under the SFO, and that there were no deficiencies in 210 Earll's offer.

21. Section 1.15D.4.c of the SFO requires that the cost of relocation of furniture and telecommunications be factored into GSA's net present value analysis of the offered gross rent for each of the competing buildings. GSA violated this requirement of the SFO by failing to conduct any analysis of the cost of relocation of furniture and/or telecommunications equipment.

22. Under section 1.15D.4.b of the SFO, the cost of items that will need to be reimbursed in a lump sum payment must be added to GSA's analysis of net present value of gross rent. Pursuant to Amendment 1 to the SFO, GSA is to be responsible for the cost of all

security requirements set forth in the SFO, to be paid for out of the tenant improvement allowance.

23. Many of the required security items, including lobby security, one secure public entrance, security cameras and alarms, already exist in the premises leased by GSA for the IRS at 210 Earll, but do not currently exist at 4041 Central.

24. GSA's price evaluation of the competing bids did not properly take into consideration the additional costs that would have to be borne by GSA as a lump sum payment as part of moving the IRS offices from 210 Earll to 4041 Central.

25. Because of the defects in GSA's cost analysis, including, but not limited to the items enumerated above in paragraphs 15 through 24, GSA's price evaluation of the competing bids did not fairly or accurately compare the offers submitted by 210 Earll and 4041 Central.

26. 210 Earll was prejudiced by the defects in GSA's flawed technical evaluation and cost analysis of the competing bids received in response to the SFO.

27. Under a proper technical evaluation and cost analysis of the bids received in response to the SFO, 4041 Central's bid is not the most advantageous offer received by the government, and the subject lease must be awarded to 210 Earll.

28. In addition, 4041 Central was an unacceptable offeror because its bid does not comply with the minimum requirements of the SFO.

29. Section 1.1E of the SFO requires that the premises be designed and built in such a way that they meet all of the requirements of the SFO and its Special Requirements.

30. Section 1.1A.1 of the SFO requires that the rental space must be "contiguous."

31. 4041 Central's bid does not offer contiguous space. Instead, it offers three separate blocks of space which are not contiguous, but are located in two separate buildings and in separate blocks of space on upper floors of a high-rise tower.

32. In contrast, 210 Earll's bid offers contiguous space, in compliance with the requirements of the SFO.

33. The SFO's Special Requirements are set forth in Attachment 1 to the SFO.

34. Section 10.1B of Attachment 1 to the SFO requires that the building provide secure parking. 4041 Central has a large, multi-level parking garage open to the public which cannot be secured for a feasible cost.

35. 210 Earll's bid includes parking spaces in an existing garage which is already secure and will not require extra expense to the government to meet the parking requirements of the SFO.

36. Section 10.2.3 of Attachment 1 to the SFO requires the building to meet Level IV security standards. As a twenty-story, multi-tenanted facility with no fencing, no set-backs, eight points of ingress/egress and housing a school with approximately 500 students occupying 54,800 square feet, 4041 Central cannot meet Level IV security standards for an economically feasible price.

37. 210 Earll offered GSA all but the sixth floor and a portion of the 1st floor of its building, and already has most of the features required to meet Level IV security standards in place. In addition, 210 Earll had offered to give the government access control of the building through the main lobby, with a secure loading dock and secure courtyard between the building and the parking garage.

38. Upon information and belief, 4041 Central also fails to meet the following minimum requirements of the SFO:

a. Seismic Standards (SFO § 2.2);

b. Ceiling heights (SFO § 5.7);

c. Elevator speed requirements (SFO § 6.17)

39. Because of 4041 Central's failure to comply with the SFO's minimum requirements, including, but not limited to, the items enumerated in paragraphs 30 to 39, above, GSA is required to find that 4041 Central has submitted a non-conforming bid and is ineligible to be awarded the subject lease.

40. 210 Earll has been prejudiced by GSA's failure to properly evaluate 4041 Central's offer.

41. After the receipt of 4041 Central's best and final offer, GSA improperly engaged in discussions with 4041 Central for the purpose of assisting 4041 Central in obtaining an exemption from the Seismic Standards requirements set forth in the SFO.

42. GSA introduced 4041 Central to the "Benchmark" classification set out in the Seismic Standards, and provided guidance on this exemption such that 4041 Central was not required to incur the cost required to make its building comply with the Seismic Standards. Contrary to Section 2.2 of the SFO, therefore, GSA accepted 4041 Central's offer which did not meet the applicable Seismic Standards even though 210 Earll did.

43. 210 Earll has been prejudiced by GSA's post-award discussions with 4041 Central concerning the Seismic Standards. Because 4041 Central did not fully comply with the Seismic Standards and 210 Earll did, 4041 central was an unacceptable offeror.

44. On February 6, 2006, 210 Earll timely filed a bid protest with the United States General Accountability Office (the "GAO"), pursuant to 4 C.F.R. Part 21, under GAO Protest Number B-297953, contesting GSA's decision to award the lease under the SFO to 4041 Central. 4041 Central intervened in 210 Earll's protest, in defense of its receipt of the lease award.

45. GSA had moved the GAO to dismiss the protest on grounds that 210 Earll was not an interested party, but GAO declined.

46. In a conference call held among counsel for the GAO, GSA, 210 Earll and 4041 Central on April 24, 2006, counsel for the GAO informed the parties and 4041 as intervenor of its intention to sustain the protest. GAO advised that 210 Earll was an interested party, and that GSA's flawed evaluation had prejudiced 210 Earll.

47. GAO indicated that 210 Earll's remedy was likely to be limited to bid preparation costs and attorney's fees, and agreed to accept the simultaneous written comments of the parties on this issue that were filed on April 28, 2006. GSA responded on April 28, 2006, by agreeing to pay 210 Earll its bid preparation costs and attorneys fees.

48. The GSA has never executed a lease with 4041 Central.

49. GSA's award of a lease to 4041 Central is conditioned upon the parties entering into a fully executed lease.

50. On Friday May 5, 2006, 210 Earll received the GAO's decision on the protest of the lease award to 4041 Central. In its decision, the GAO did not rule on the merits of the case because GSA had agreed to pay 210 Earll its bid preparation costs and attorneys fees, and explained that the protest was "academic," since costs and fees was the maximum remedy that GAO could provide.

51. The IRS is not expected to occupy space under the awarded lease until July 2007 at the earliest. The IRS currently occupies the premises at 210 Earll under a lease that will not expire by its terms until September 2007.

**COUNT I**
**Request for Declaratory Relief**

52. Paragraphs 1 through 51, above, are incorporated herein by reference and are repleaded as if fully set out in this paragraph 52.

53. An actual and justiciable controversy exists between 210 Earll and GSA concerning GSA's evaluation of the bids received by GSA in response to the SFO and GSA's Notice of Award and its intention to proceed with award of the subject lease to 4041 Central.

54. 210 Earll is an interested party in the award of the subject lease pursuant to the terms of the SFO, and has standing to bring this action.

55. GSA's determination to award the lease under the SFO to 4041 Central was not made based on the factors and subfactors specified in the SFO.

56. GSA's determination to award the lease under the SFO to 4041 Central lacks a rational or reasonable basis.

57. GSA's determination to award the lease under the SFO to 4041 Central is arbitrary, capricious, and in violation of applicable United States statutes and regulations.

58. GSA's determination to award the lease under the SFO to 4041 Central is prejudicial to the rights of 210 Earll.

59. Pursuant to a proper, reasoned evaluation of all bids received by GSA in response to the SFO, and consistent with the terms of the SFO and applicable statutes and regulations, 210 Earll is entitled to receive the award of the lease under the SFO.

WHEREFORE, 210 Earll respectfully asks the Court to declare the rights and obligations of the parties, and to enter an Order finding that: (a) 4041 Central submitted a non-conforming bid in response to the SFO; (b) 4041 Central is accordingly ineligible to be awarded the subject lease; (c) 210 Earll, as second-in-line to be awarded the subject lease is entitled to receive the lease award; and (d) GSA must award the subject lease to 210 Earll.

**COUNT II**
**Request for Temporary Restraining Order and Preliminary Injunction**

60. Paragraphs 1 through 59, above, are incorporated herein by reference and are repleaded as if fully set out in this paragraph 60.

61. The likelihood of 210 Earll's success on the merits of its request for permanent injunctive relief to prohibit GSA from awarding the lease under the SFO to 4041 Central, and to compel GSA to award the lease to 210 Earll, is high.

62. Balancing the interests of the parties and 4041 Central in this matter, the balance of hardships tips in 210 Earll's favor.

63. This Court's issuance of a Temporary Restraining Order and/or a Preliminary Injunction, as requested by 210 Earll herein, will serve the public interest; whereas, in contrast, GSA's award of the subject lease to 4041 Central, if permitted, would be contrary to the public interest.

64. The harm and prejudice to 210 Earll, if GSA is permitted to execute the subject lease and permit performance of the lease by 4041 Central, is imminent and will be irreparable.

WHEREFORE, 210 Earll respectfully asks the Court to issue a Temporary Restraining Order and/or a Preliminary Injunction, to remain in effect until the merits of this controversy are fully adjudicated by this Court, directing GSA: (a) not to sign any lease agreement with 4041

Central under the SFO; and (b) directing GSA not to proceed otherwise with award or performance of the lease under the SFO to 4041 Central.

**COUNT III**
**Request for Permanent Injunction**

65. Paragraphs 1 through 64, above, are incorporated herein by reference and are repleaded as if fully set out in this paragraph 65.

66. 201 Earll's proofs in this matter, based on the SFO and the bids submitted in response thereto, together with the record developed in 210 Earll's protest to the GAO and any further evidence which may be developed in this proceeding, show that 210 Earll is entitled to success on the merits in this controversy.

67. 201 Earll will suffer irreparable injury if GSA is not enjoined from awarding the subject lease to 4041 Central and judicially compelled to award the lease to 210 Earll.

68. If the injunction requested herein is not granted, the harm to 201 Earll will outweigh any harm to the Government and third parties (including 4041 Central) which might result from granting the injunction.

69. Granting the injunction asked for herein will serve the public interest.

WHEREFORE, 210 Earll respectfully asks the Court to issue a Permanent Injunction: (a) prohibiting GSA from signing a lease agreement under the SFO with 4041 Central; (b) prohibiting GSA from proceeding otherwise to enter into performance of a lease agreement under the SFO with 4041 Central; (c) canceling or abrogating any lease obligation(s) which might already exist between GSA and 4041 Central (or which might arise after the date of this Complaint) in relation to the SFO, as void *ab initio;* and (d) directing GSA to award the subject lease to 210 Earll.

**BECAUSE OF THE IMMINENT AND IRREPARABLE HARM THAT MAY RESULT TO PLAINTIFF 201 EARLL, AN EXPEDITED HEARING IN THIS MATTER IS REQUESTED.**

## VERIFICATION

I, Scott Seldin, the undersigned, do hereby depose and state the following:

1. I am a real estate broker licensed in the State of Arizona, and I am the President of Seldin Real Estate, Inc., which is the owner of 210 Manager, L.L.C., which in turn is the manager of 210 Earll, L.L.C., the Protester in GAO Protest No. B-297953, and the Plaintiff in the foregoing Complaint for Injunctive and Declaratory Relief and Request for Expedited Hearing ("Complaint").

2. I have read the foregoing Complaint and all statements and allegations of fact therein are true and accurate to the best of my knowledge, except as to those matters stated upon information and belief, which I believe if good faith to be true.

Dated: May 5, 2006

Scott Seldin
President
Seldin Real Estate, Inc.

STATE OF ARIZONA
County of :

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that Scott Seldin did appear before me this day and acknowledged the same before me and attested that the facts set forth in this Verified Complaint for Injunctive and Declaratory Relief and Request for Expedited Hearing are true and accurate to the best of his knowledge, information and belief.

SUBSCRIBED AND SWORN to before me this 5th day of May, 2006.

NOTARY PUBLIC

My Commission Expires: December 21, 2009
Dated: May 5, 2006

MICHELLE D. THOMPSON
Notary Public - Arizona
Maricopa County
My Comm. Expires Dec 21, 2009

Wherefore, 210 Earll respectfully requests that the Court grant the remedies sought herein, including any and all remedies it may deem appropriate, including the award of reasonable attorney's fees and costs.

Respectfully submitted,

Edward V. Gregorowicz, Jr.
The Law Offices of Edward V. Gregorowicz
10565 Lee Highway – Suite 102
Fairfax, Virginia 22030
Phone: (703) 934-6645
Fax: (703) 934-6649
*Counsel for Plaintiff 201 Earll, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of Plaintiff 210 Earll, L.L.C.'s foregoing Verified Complaint for Injunctive and Declaratory Relief, and Request for Expedited Hearing, to be served this 8 day of May 2006, by facsimile and U.S. mail, on:

Steven Mager, Esq.
United States Department of Justice
Commercial Litigation, Civil Division
8th Floor, 1100 L Street, NW
Washington, DC 20530
Fax: (202) 305-7643

Richard Moorhouse, Esquire
Greenberg Traurig, LLP
1750 Tysons Boulevard – Suite 1200
McLean, Virginia 22102
Fax: (703) 749-1301
*Counsel for the apparently successful offeror, 4041 Central Plaza, L.L.C.*

and via facsimile on:

Dan McPherson
Contracting Officer
General Services Administration
Fax: 602-514-7495

Edward V. Gregorowicz, Jr.