# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 210 EARLL, L.L.C., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-360C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| 4041 CENTRAL PLAZA, L.L.C., | ) | |
| Intervenor-Defendant. | ) | |

## DEFENDANT'S NOTICE OF INTENDED PROCEDURE UPON REMAND, OR, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully files this notice of intended procedures upon remand, or, in the alternative, request that the Court clarify and/or reconsider in part its opinion and order in the above captioned matter, issued November 16, 2006.[1]

Specifically, the Court's November 16, 2006 decision held that the Government's award to 4041 Central Plaza, L.L.C. ("4041 Central") was

[1] Final judgment has not yet been issued in this matter.

arbitrary and capricious. The Court granted relief by vacating the award to 4041 Central and remanding to the General Services Administration ("GSA") for a correction of errors and decision consistent with the Court's opinion. In vacating the award, however, the Court did not analyze any of the traditional injunctive relief factors, as briefed by the parties, nor has a final judgment been entered. For these reasons, there is some ambiguity as to what form of relief the Court intended to provide, and how to best comply with the Court's order.

This notice and motion is filed to both inform the Court as to how GSA intends to implement the Court's opinion, and, should the GSA's planned implementation differ from the Court's intended remedy, to seek clarification and/or reconsideration of the Court's opinion. The Government seeks to ensure that it is acting fully in compliance with this Court's order.

In fashioning the remedy provided in its opinion, the Government believes that the Court intended to vacate GSA's initial determination to award the contract at issue to 4041 Central, but to leave the lease agreement between 4041 Central and GSA undisturbed pending the Court-ordered remand for a new contracting officer award determination.

Under this interpretation, the Court retains jurisdiction pursuant to RCFC 52.2, and no analysis of injunctive factors is yet required as, pending the Government's remand actions, any such analysis would be unnecessary and premature. This interpretation is supported by the remand letter sent to the parties on December 8, 2006.

Accordingly, GSA intends to conduct a new analysis of proposals consistent with the Court's findings. That new analysis explicitly will include consideration of the non-price factors set forth in the solicitation. Additionally, GSA will factor relocation costs into its analysis, as well as otherwise comply with the Court's findings regarding the acceptability of 4041 Central's offer and how GSA's cost analysis should be performed. The Government will advise the parties and the Court regarding the result of GSA's new analysis of proposals, and the actions GSA intends to take as a result thereof, pursuant to the requirements of RCFC 52.2.

The Government considers the above-described interpretation to be the most reasonable and consistent view of the Court's opinion. However, an alternative interpretation of the Court's opinion is that the Court, in ordering that the award be vacated, intended at this time to set aside not only GSA's award determination, but also the actual lease agreement

between GSA and 4041 Central.[2] However, such an order to vacate is injunctive relief, not declaratory relief, and the Court must consider the injunctive relief factors prior to vacating award in this manner. See PGBA, LLC v. United States, 389 F.3d 1219, 1228 (Fed. Cir. 2004). But see Advanced Systems Development v. United States, 72 Fed. Cl. 25, 36-37 (2006) (providing declaratory relief in the context of an override determination).

Although the Government believes that the Court did not intend that its order to vacate award directly affect the lease, if it did, clarification and/or reconsideration is warranted. Motions for reconsideration are granted at the sole discretion of the court. See Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000). A showing of extraordinary circumstances is necessary before a party may prevail upon its motion for reconsideration. Fru-Con Constr., 44 Fed. Cl. at 300. "This showing, under RCFC 59, must be based upon manifest error of law, or mistake of fact, and is not intended

[2] Given that this case was brought before the Court upon 210 Earll's motion for injunctive relief, such an interpretation is potentially understandable.

to give an unhappy litigant an additional chance to sway the court." Id. (internal citations omitted).

If the Court intended to provide injunctive relief by ordering GSA to set aside the lease agreement between the Government and 4041 Central – relief that would arguably require the Government to breach a contract with 4041 Central[3] – it was a manifest error of law for the Court to not consider whether the factors for injunctive relief were met in the face of potential significant harm to the Government.

As noted in our motion for judgment upon the administrative record, an injunction is an equitable remedy that is not granted as a matter of course. ATA Defense Indus., 38 Fed. Cl. at 505 (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982)). In order for 210 Earll to obtain a permanent injunction it must establish: (1) that it will suffer irreparable harm; (2) that granting the relief serves the public interest; (3) that the harm to be suffered by it outweighs the harm to the

[3] GSA's lease with 4041 Central does not, consistent with standard GSA leasing practice, contain a termination for convenience clause. Thus, absent default upon the part of 4041 Central, there does not exist any express contractual means for GSA to unilaterally terminate the lease. See Johnson v. United States, 15 Cl. Ct. 169, 171 (1988).

Government and third parties; and (4) actual success upon the merits. United Int'l Investigative Serv., Inc. v. United States, 41 Fed. Cl. 312, 323 (1998); see also Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987).

The Court's opinion made no findings that 210 Earll had met its burden in this regard, and GSA cannot reasonably take action to breach an existing lease absent clear guidance from the Court that it intended GSA to do so. Because the Court's opinion does not include any discussion of the injunctive relief factors referenced above, the Government does not read the Court's opinion as intending this result.

## CONCLUSION

The Government respectfully submits that its understanding of the Court's opinion, as discussed above, provides the most reasonable and consistent view of the remedy fashioned by the Court. If, however, the alternative interpretation of the Court's opinion was intended, the Government respectfully requests, for the reasons discussed above, that the Court clarify its decision with regard to the relief to be provided to the plaintiff, and, if necessary, reconsider in part decision to provide injunctive relief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

December 19, 2006

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on this 19th day of December, 2006, a copy of the foregoing "DEFENDANT'S NOTICE OF INTENDED PROCEDURE UPON REMAND, OR, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice